No. 12-56508 [DC# 2:11-cv-08026]

IN THE
UNITED STATES COURT OF APPEALS FOR
THE NINTH CIRCUIT

SIGITAS RAULINAITIS and
RIMA RAULINAITIS,

*Plaintiffs-Appellants*, v.

LOS ANGELES SHERIFFS
DEPARTMENT, et. al.,

*Defendants-Appellees*.

APPEAL FROM THE UNITED STATES
DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

**APPELLANTS' OPENING BRIEF**

Jonathan W. Birdt (S.B.N. 183908)
Law Office of Jonathan W. Birdt
18252 Bermuda St.
Porter Ranch, CA 91326
Tel. No. (818) 400-4485
Fax No: (818) 428-1384
e-mail: <u>Jon@jonbirdt.com</u>
**Plaintiffs-Appellants**
**Sigitas Raulinaitis & Rima Raulinaitis**

1

## **CORPORATE DISCLOSURE STATEMENT**

No corporate Apellants.

# **TABLE OF CONTENTS**

ISSUES PRESENTED .................................................................................................................. 5

STATEMENT REGARDING ORAL ARGUMENT AND REPLY BRIEF ................................. 5

STATEMENT OF JURISDICTION ........................................................................................... 5

STATEMENT OF FACTS............................................................................................................ 6

STANDARD OF REVIEW ON SUMMARY JUDGMENT ....................................................... 9

SUMMARY OF ARGUMENT .................................................................................................. 10

ARGUMENT .............................................................................................................................. 11

   I.   THE SECOND AMENDMENT PROTECTS THE RIGHT TO BEAR ARMS BY LAW ABIDING CITIZENS OUTSIDE THE HOME FOR THE PURPOSE OF SELF-DEFENSE .............. 12

   II.   PUBLIC SAFETY ALONE DOES NOT WARRANT INFRINGMENT OF A FUNDAMENTAL RIGHT ................................................................................................................. 13

   III.   UNBRIDLED DISCRETION BY AN ELECTED OFFICIAL CANNOT BE COUNTENANCED BY THIS COURT........................................................................................ 14

   IV.   THE DISTICT COURT FAILED TO CONSIDER THE SIGNIFICANT EVIDENCE OFFERED IN OPPOSITION TO THE MOTION ................................................................. 15

CONCLUSION .......................................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

Berger v. City of Seattle, (9th Cir. 2009) 569 F.3d 1029..............................................9
Cantwell v. Connecticut (1940) 310 U.S. 296 .....................................................15
Desert Outdoor Advertising v. City of Moreno Valley, (1996) 103 F.3d 814........13
Dickens v. Ryan, (9th Circuit, August 3, 2012) No. 08-99017 ...............................13
District of Columbia v. Heller, (2008) 554 U.S. 570............................................12
Green v. City of Raleigh, (4th Cir. 2008) 523 F.3d 293 ........................................14
Kunz v. New York, (1951) 340 U.S. 290 ................................................................16
McDonald v. City of Chicago (2010) 130 S. Ct. 3020...........................................12
Near v. Minnesota, (1931) 283 U.S. 697 ...............................................................16
Nissan Fire & Marine Ins. Co. v. Fritz, (9th Cir. 2000) 210 F.3d 1099 .................10
Nunez by Nunez v. City of San Diego, (9th Cir. 1997) 114 F.3d 935......................9
Shuttlesworth v. City of Birmingham, (1969) 394 U.S. 147..................................16
Staub v. Baxley (1958) 355 U.S. 313 .....................................................................16
Twentieth Century-Fox Film Corp. v. MCA, Inc., (9th Cir. 1983) 715 F.2d 1327...9
U.S. v. Henry, (9th Circuit, filed August 9, 2012), No. 11-30181 ..........................10
Ward v. Rock Against Racism, (1989) 491 18 U.S. 781 ....................................... 14

**Statutes**

28 U.S.C. § 1291.......................................................................................................5
28 U.S.C. § 1343.......................................................................................................5
42 U.S.C. § 1983.......................................................................................................5

**Rules**

Federal Rule of Civil Procedure 56 ..........................................................................5
Federal Rule of Civil Procedure 56(c) .....................................................................9
Federal Rules of Appellate Procedure 3 and 4.........................................................5
Ninth Circuit Rule 28-2.6 .......................................................................................17
Ninth Circuit Rules 3-1, -2and -4 .............................................................................5

## ISSUES PRESENTED

Can an elected official exercise broad discretion and rely solely on public safety concerns, unsupported by any evidence, to abrogate a residents fundamental Rights under the Second Amendment, based upon the District Courts' determination that the Fundamental Rights protected by the Second Amendment are limited to the home?

## STATEMENT REGARDING ORAL ARGUMENT AND REPLY BRIEF

Appellant waives oral argument and their Reply Brief due to the simple and straightforward nature of the matter and the urgency for resolution by this Court.

## STATEMENT OF JURISDICTION

This is a 42 U.S.C. § 1983 action. The District Court had jurisdiction pursuant to 28 U.S.C. § 1343. The District Court granted summary judgments for Defendants-Appellees (hereinafter "Appellees"), and entered judgment in their favor under Federal Rule of Civil Procedure 56 on August 13, 2012.

Appellant filed a notice of Appeal on August 15th, 2012 in accordance with Federal Rules of Appellate Procedure 3 and 4 and Ninth Circuit Rules 3-1, 3-2and 3-4. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE CASE

This matter was set for Trial on September 4, 2012, but the District Court granted defendants' Motion for Summary Judgment on August 13, 2012 precluding Plaintiff from seeking redress, despite an absence of any evidence by Defendant and substantial evidence presented in opposition to the motion, but not addressed in the Courts' ruling granting the Summary Judgment. This case is unique in that Appellants did not file a motion for summary judgment, nor did the district court review or consider any evidence offered in support of or in opposition to the Defense Motion for Summary judgment, and instead relied solely upon Judicial Notice of another District Court Judge, adopting that Courts' finding Public Safety fears alone are sufficient to justify denial of Plaintiffs fundamental Rights.

## STATEMENT OF FACTS

The underlying matter proceeded without oral argument but with significant factual disputes not addressed in the Courts' ruling. The undisputed facts were:

1. The only way for a resident of Los Angeles to carry a weapon in case of confrontation is with a CCW permit.
2. A CCW permit is a reasonable regulation of the 2nd Amendment.
3. Sheriff Baca will only issue a permit upon a showing of convincing evidence of a clear and present danger to life or of great bodily harm to the applicant.
4. The applicant must demonstrate a credible threat of violence which would justify the need to possess a concealed weapon.
5. The LASD reviewed Plaintiff's application and determined that they failed to show good cause as required by LASD policy.

More significantly, the disputed facts, ignored by the District Court were:

| | |
|---|---|
| 12. Gun violence is a problem throughout the State of California and Los Angeles County is no exception. The vast majority of homicides in Los Angeles County are committed with the use of guns. Handguns are of particular concern because they are much more likely to be used than shotguns and rifles. Because handguns are small, easy to conceal, and deadly at short range, they are of paramount concern and danger. Further, most of the violent acts committed in this County involving the use of guns are by gang members. | 12. Disputed, there is no evidence of any nexus between the facts asserted herein and defendants' policy. Moreover, Plaintiffs expert specifically contradicts this assertion, and defendants deposition testimony and discovery responses incorporated herein admit that Defendant has no facts or evidence to support these beliefs other than an outdated and unreliable study from 2001 that suggests more guns equals more crime. |
| 13. The presence of more guns on the streets of Los Angeles County creates many problems for law enforcement officers. Officers are often charged with monitoring public gatherings as well as with breaking up public nuisances. Officers must act quickly whenever a disturbance occurs. Often times, this involves isolating one or two problem individuals. However, if multiple persons within a crowd are carrying concealed weapons, this creates an increased likelihood that guns will be brandished or used. Thus, the increased presence of guns creates not only increased safety problems for officers but also for members of the community at large. | 13. Disputed, there is no evidence of any nexus between the facts asserted herein and defendants' policy. Moreover, Plaintiffs expert specifically contradicts this assertion, and defendants deposition testimony and discovery responses incorporated herein admit that Defendant has no facts or evidence to support these beliefs other than an outdated and unreliable study from 2001 that suggests more guns equals more crime.<br><br>ER at Pages 70-71 |

The District Court Ruling did not address the disputed facts above, mention the declaration of either expert or mention Defendants own admission that:

> **REQUEST FOR ADMISSION NO. 25:**
> Admit that retired Undersheriff Larry Waldie testified that:
> Q. Okay. Can you point to any study or correlation between increased issuance of CCW permit and gun violence?
> A No.
> Waldie deposition at page 25 line 4-12.
> **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**
> Defendant denies that the quoted testimony of Undersheriff Waldie is located on page 25; line 4-12 of his deposition. Defendant admits that it is contained at page 27, line 4-12.
> Ex B to the Declaration of Jonathan Birdt
> ER at page 60.

The District Courts' wholesale adoption of another District Courts' ruling and failure to review or discuss the evidence presented in opposition to the motion demonstrates a complete abrogation of the Courts' duties to Plaintiffs to review and consider the evidence, especially where Defendants were the moving parties, had the burden of proof, offered no affirmative evidence, and Plaintiff offered significant evidence directly contradicting Defendants assertions. Defendant failed to provide any evidence to support their assertions that restrictive CCW policies reduce crime or increase public safety.

Further, Defendant has not indicated that their policies have changed or even been reviewed following the flood of recent and ground breaking cases recognizing the long held Rights of Citizens to keep and bear arms for the purpose of self-defense. The District Court failed to make inquiry into this, and thereby has denied

the plaintiff a fair hearing on the assertions made by LASD and how they further a compelling governmental interest in a manner that is least restrictive of Plaintiff's Second Amendment Rights.

## STANDARD OF REVIEW ON SUMMARY JUDGMENT

An order granting summary judgment on the constitutionality of a statute or ordinance is reviewed de novo. <u>Nunez by Nunez v. City of San Diego</u>, (9th Cir. 1997) 114 F.3d 935, at 940. The standard governing this Court's review is the same as that employed by trial courts under Federal Rule of Civil Procedure 56(c), with the Court determining, **after independently viewing the evidence and all inferences therefrom in the light most favorable to the nonmoving party**, whether there are any genuine issues of material fact, and whether the district court correctly applied the law. See <u>Twentieth Century-Fox Film Corp. v. MCA, Inc.</u>, (9th Cir. 1983) 715 F.2d 1327, 1328-29 ; see also, <u>Berger v. City of Seattle</u>, (9th Cir. 2009) 569 F.3d 1029, 1035 (independent review of questions of law and fact in First Amendment case).

On a motion for summary judgment, as at trial, the substantive law determines burden of proof issues and evidentiary standards. It dictates what the moving party must show to prevail on its motion and what the non-moving party must show, if anything, to resist the motion. See <u>Nissan Fire & Marine Ins. Co. v.</u>

Fritz, (9th Cir. 2000) 210 F.3d 1099, 1102-03.  Here the Courts' own Ruling fails to even identify the evidence presented in opposition or to address the disputed facts presented.

## SUMMARY OF ARGUMENT

The district Court found that defendants' policy of denying Second Amend Rights to any resident was constitutional and justified by public safety concerns if they failed to show:

> "convincing evidence of a clear and present danger to life or of great bodily harm to the applicant, his spouse or dependent child, which cannot be reasonably avoided by alternative measures, and which danger would be significantly mitigated by the applicant's carrying of a concealed firearm." ER at pages 1-2.

This finding stands in marked contrast to both well-established precedence and specific Ninth Circuit Authority holding:

> "The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In Heller, the Supreme Court struck down the District of Columbia's ban on handgun possession, concluding that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." 554 U.S. at 592, 635." U.S. v. Henry, (9th Circuit, filed August 9, 2012), No. 11-30181, at 9040

The District Court erred in several significant findings including:

1. Concluding that the Second Amendment was limited to the home unless Plaintiff can show some verifiable threat to Plaintiffs life or limb.
2. Finding that public safety fears alone without any nexus between the fears enumerated, and the restrictive CCW policy used by LASD, justified a violation of Plaintiffs Civil Rights.
3. Approving broad discretion by an elected official to abrogate a Fundamental Right.
4. Failing to consider the significant evidence offered in opposition to the motion.
5. Failing to recognize that Self-Defense is a fundamental Right protected by the Second Amendment.

## **ARGUMENT**

The trial court draws an unsupported conclusion that the Fundamental Rights protected by the Second Amendment somehow differ depending upon whether a person is in their home, but this is not consistent with constitutional jurisprudence, or specific Ninth Circuit and Supreme Court rulings explicitly stating that the Second Amendment encompasses the Fundamental Right to Bear Arms in case of confrontation, and does not state that Right is somehow limited to the home, which would be antithetical to the entire premise of the Second Amendment.

Remarkably, and without legal citation the District Court found essentially that the Second Amendment did not protect the Plaintiffs outside of "hearth and home" stating:

> "Based on the Ninth Circuit's reasoning in post-*Heller* Second Amendment cases and persuasive authority from other circuits, the Court concludes that a policy that does not curtail the core protection of the Second Amendment, the right to keep and bear arms for self-defense in the home, is subject to intermediate scrutiny. The right at issue in this case, the right to carry a concealed weapon outside of one's home, does not implicate the right to keep and bear arms for self-defense in the home.
> ER at 6.

## I. THE SECOND AMENDMENT PROTECTS THE RIGHT TO BEAR ARMS BY LAW ABIDING CITIZENS OUTSIDE THE HOME FOR THE PURPOSE OF SELF-DEFENSE

In Heller the Supreme Court held that the Constitution guarantees the individual right to possess and carry weapons in case of confrontation. District of Columbia v. Heller, (2008) 554 U.S. 570 at 592. Self-defense is a basic right, recognized by many legal systems from ancient times to the present day, and in Heller, we held that individual self-defense is "the central component" of the Second Amendment right. McDonald v. City of Chicago (2010) 130 S. Ct. 3020, at 3037.

## II. PUBLIC SAFETY ALONE DOES NOT WARRANT INFRINGMENT OF A FUNDAMENTAL RIGHT

Ignoring the evidence, and based entirely upon Public Safety Concerns, the District Court held "Accordingly, the Court concludes that the LASD's CCW Permit regime restricts the use of loaded firearms in public, substantially furthering the important governmental interest of promoting public safety, and satisfying intermediate constitutional scrutiny." ER at 7. The Court does not explain how public safety is protected or the nexus between the right and the regulation.

In Dickens v. Ryan, (9th Circuit, August 3, 2012) No. 08-99017, filed, Justice Reinhardt, in his dissent, noted that:

> Carrying a gun, which is a Second Amendment right, also cannot legally lead to a finding that the individual is likely to murder someone; if it could, half or even more of the people in some of our states would qualify as likely murderers.
> Id. at 8654

This quote is not offered as authoritative, but simply to demonstrate the absurdity of the LASD position that they can eliminate a Civil Right because a gang member might commit a crime without a scintilla of evidence, and in fact an admitted lack of any evidence that any CCW holder has ever committed any crime.

Accordingly, the Ninth Circuit has rejected alleged public health and safety concerns as a substitute for objective standards and due process. Desert Outdoor Advertising v. City of Moreno Valley, (1996) 103 F.3d 814, at 819.

### III. UNBRIDLED DISCRETION BY AN ELECTED OFFICIAL CANNOT BE COUNTENANCED BY THIS COURT

"Unbridled discretion naturally exists when a licensing scheme does not impose adequate standards to guide the licensor's discretion." Chesapeake B &M, Inc. v. Harford County, 58 F.3d 1005, 1009 (4th Cir. 1995 (en banc); cf. Green v. City of Raleigh, (4th Cir. 2008) 523 F.3d 293, 306 ("'virtually unbridled and absolute power' to deny permission to demonstrate publically, or otherwise arbitrarily impose de facto burdens on public speech" is unconstitutional) (citation omitted).

A "reasonable" regulation is one that does not eliminate the exercise of a right, but instead is narrowly tailored, is based on a significant government interest, and leaves ample alternatives. As with the right to keep and bear arms, the right to freedom of speech has sometimes been analyzed in terms of "reasonable" regulation. For example, many public events for the exercise of First Amendment rights may be subject to "reasonable" time, place, and manner regulations. So the "government may impose reasonable restrictions," which means that the restrictions must be "narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." Ward v. Rock Against Racism, (1989) 491 18 U.S. 781, 791.

The district court mentions sections of the penal code that allow the bearing of a loaded firearm when a citizen is performing a valid arrest, and when an individual is in instant fear for one's physical safety. The court fails to analyze how it is that a situation wherein one's safety is threatened can take place. Crimes of violence take place in seconds. Not minutes. The court fails to analyze how it is that one could legally carry a firearm without a CCW and effectively deploy said firearm for self-defense, though offers that as a viable alternative. The only legal way to do this is unloaded in a locked container. The idea that one can effectively protect oneself from a situation that arises suddenly by unlocking a container and loading a firearm before being able to use it in self-defense is not only implausible, but it is not supported by evidence, logic or reason. If this method of self-defense was effective, then cities and counties would require that their officers and deputies carry their weapons in this manner.

IV. **THE DISTICT COURT FAILED TO CONSIDER THE SIGNIFICANT EVIDENCE OFFERED IN OPPOSITION TO THE MOTION**

Defendants carry the burden of establishing the nexus between their need and their infringement upon a Fundamental Right. Under Cantwell v. Connecticut (1940) 310 U.S. 296, and progeny, States and localities may not condition a license necessary to engage in constitutionally protected conduct on the grant of a license officials have discretion to withhold. Further, a host of prior restraint cases

establish that "the peaceful enjoyment of freedoms which the Constitution guarantees" may not be made "contingent upon the uncontrolled will of an official." Staub v. Baxley (1958) 355 U.S. 313, 322.

Public safety is invoked to justify most laws, but where a fundamental right is concerned, a mere incantation of a public safety rationale does not save arbitrary licensing schemes. In the First Amendment arena, where the concept has been developed extensively, courts have consistently condemned licensing systems which vest in an administrative official discretion to grant or withhold a permit upon broad criteria unrelated to proper regulation of public places. Kunz v. New York, (1951) 340 U.S. 290, 294; Shuttlesworth v. City of Birmingham, (1969) 394 U.S. 147, at 153. Public safety concerns may justify permissible regulations of protected activities, but the Constitution does not permit fundamental civil rights to be abridged by public safety fears. See, e.g., Near v. Minnesota, (1931) 283 U.S. 697, 721-22.

## CONCLUSION

The District Court has adopted a standard herein not recognized in the law to date, first declaring that the Fundamental Core Rights recognized by the Second Amendment are limited to the home, and that, defendants are entitled to unfettered discretion to infringe upon these fundamental rights based solely upon public safety fears.

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, this case is directly related to Birdt v. Baca, 9th Circuit Case# 12-55115 and Thompson v. Torrance Police Department and LASD, 12-56236.

Date: August 15, 2012

    s/ Jonathan Birdt
Jonathan W. Birdt (SBN# 183908)
*Plaintiffs -Appellants*